Stephen Wellinghorst, Esq – State Bar No. 030261989
**HARWOOD LLOYD, LLC**
130 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 487-1080
Fax:  (201) 487-4758
E-mail:  swellinghorst@harwoodlloyd.com
Attorneys for Defendants, Wade Crowfoot,
Drew Bohan, and Melissa Rae King

## DOCUMENT ELECTRONICALLY FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., | CASE NO. 2:20-cv-7654- ES-MAH |
| Plaintiff, | CIVIL ACTION |
| v. | **Motion Returnable: September 8, 2020** |
| WADE CROWFOOT, DREW BOHAN, MELISSA RAE KING and LEA HARO, | |
| Defendants. | |

## MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS WADE CROWFOOT, DREW BOHAN, AND MELISSA RAE KING IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Stephen Wellinghorst, Esq.
Of Counsel and on the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................iii

INTRODUCTION ............................................................................................ 1

STATEMENT OF ISSUE .................................................................................. 3

ALLEGATIONS OF THE COMPLAINT AND PROCEDURAL HISTORY........ 3

LEGAL STANDARD ....................................................................................... 4

ARGUMENT ................................................................................................... 6

I.      Sending a Single Cease and Desist Letter Does Not Establish Sufficient
        Minimum Contacts for Specific Personal Jurisdiction in New Jersey ........... 6

II.     Plaintiff Cannot Establish that Secretary Crowfoot Has Any Enforcement
        Authority that Would Prevent Eleventh Amendment Immunity from
        Applying in This Case.................................................................................. 13

III.    In the Alternative, Venue Is Not Proper in New Jersey.............................. 17

CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

## FEDERAL COURT CASES

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987) ...................... 10

*Bockman v. First American Marketing Corp.*,
    459 Fed. App'x 157 (3d Cir. 2012) ........................................................... 17

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ...................................*passim*

*City of Va. Beach v. Roanoke River Basin Ass'n*,
    776 F.2d 484 (4th Cir. 1985) .......................................................................... 9

*Cottmann Transmission Sys., Inc. v. Martino*,
    36 F.3d 291 (3d Cir. 1994) ............................................................... 17, 18, 19

*Douglas Furniture Co. of Calif., Inc. v. Wood Dimensions, Inc.*,
    963 F. Supp. 899 (C.D. Cal. 1997) ............................................................... 8

*Ex parte Young*, 209 U.S. 123 (1908) ...........................................................*passim*

*General Elec. Co. v. Deutz AG*, 270 F.3d 144 (3d Cir. 2001) ................................ 4

*Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*,
    988 F.2d 476 (3d Cir. 1993) ........................................................................... 4

*Graphic Controls Corp. v. Utah Med. Prods., Inc.*,
    149 F.3d 1382 (Fed. Cir. 1998) ...................................................................... 8

*Hanson v. Denckla*, 357 U.S. 235 (1958) ................................................................ 6

*Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997) .............................................. 14

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ............................................. 2, 4

*Kulko v. Superior Court*, 436 U.S. 84 (1978) ......................................................... 9

*KVH Indus., Inc. v. Moore*, 789 F. Supp. 69 (D.R.I. 1992) .................................... 8

*Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979) .................................... 18, 19

*Marshall v. Labor & Indus., Wash.*,
  89 F. Supp. 2d 4 (D.D.C. 2000) ................................................................ 11

*Medeco Sec. Locks, Inc. v. Fichet–Bauche*,
  568 F. Supp. 405 (W.D. Va. 1983) ............................................................. 8

*Med–Tec, Inc. v. Kostich*, 980 F. Supp. 1315 (N.D. Ia. 1997) ................................ 8

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312 (3d Cir. 2007) ................*passim*

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) .................................................. 15

*Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*,
  6 F.Supp.2d 349 (D.N.J. 1998) ................................................................... 5

*Osterback v. Scott*, 782 F. App'x 856 (11th Cir. 2019) ......................................... 15

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ...................... 14

*RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1271 (7th Cir. 1997) ........................... 5

*Snoeck v. Brussa*, 153 F.3d 984 (9th Cir. 1998) ................................................... 15

*Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) ..................*passim*

*Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326 (11th Cir. 1999) ........ 2, 14, 15

*Trump v. Committee on Ways and Means, United States House
  of* Representatives*, 415 F. Supp. 3d 98 (D.D.C. 2019) ............................... 11

*Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 333 (D. Mass. 2013) ...................... 8

*United Dairy Farmers Coop. A. v. Milk C. Com. of Comm. of Pa.*,
  47 F.R.D. 1 (W.D. Pa. 1969) ...................................................................... 19

*United States v. Ferrara*, 54 F.3d 825 (D.C. Cir. 1995) ....................................... 12

*Wise v. Lindamood*, 89 F. Supp. 2d 1187 (D. Colo. 1999) ...................................... 8

## DOCKETED CASES

*C.O. Truxton, Inc. v. Blue Caribe, Inc.,*
   2014 WL 6883145 *5 (D.N.J. Dec. 5, 2014) ................................................ 18

*Jones v. City of Birmingham,*
   2019 WL 6618292 *4 (N.D. Ala. 2019) ...................................................... 15

*Shotton v. Pitkin*, 2015 WL 5091984 (W.D. Ok. 2015)      4

*Perkins v. Snider*, 1994 U.S. Dist. LEXIS 13709 (E.D. Pa. 1994) ........................ 19

*Stanton-Negley Drug Co. v. Penn. Dept. of Pub. Welfare,*
   2008 WL 1881894 (W.D. Pa. 2008) .......................................................... 19

*Working Animals, Inc. v. DeSantis,*
   2020 WL 1991479 *7 (N.D. Fla. 2020) ....................................................... 15

## STATE COURT CASES

*Charles Gendler & C. v. Telecom Equipment Corp.*, 102 N.J. 460 (1986) ............. 5

## FEDERAL STATUTES

U.S. Const. amend. XI ............................................................................... 14, 20

28 U.S.C. 1391(b)(2) ................................................................................. 17

28 U.S.C. 1404(a) ..................................................................................... 19

28 U.S.C. 1406(a) ..................................................................................... 19

## STATE STATUTES

Cal. Gov't Code § 12800 ............................................................................ 16

Cal. Gov't Code § 12801 ............................................................................ 16

Cal. Gov't Code § 12805 ............................................................................ 16

Cal. Pub. Res. Code § 25200 ............................................................................... 16

Cal. Pub. Res. Code § 25202 ............................................................................... 16

Cal. Pub. Res. Code § 25402(c)(1) ...................................................................... 16

Cal. Pub. Res. Code § 25402.1 ............................................................................ 16

Cal. Pub. Res. Code § 25402.11 .......................................................................... 16

Cal. Code Regs., tit. 20, §§ 1608-1609 ............................................................... 16

## FEDERAL RULES

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ................................................................................. *passim*

Fed. R. Civ. P. 12(b)(3) ................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 13, 17

## STATE RULES

Rule 4:4-4(e) ........................................................................................................... 5

## RULES OF EVIDENCE

Fed. R. Evid. § 201 ................................................................................................. 7

Fed. R. Evid. § 902(5) ............................................................................................ 7

# INTRODUCTION

Defendants Wade Crowfoot, Drew Bohan, and Melissa Rae King, sued in their capacities as officials of the State of California Natural Resources Agency and the California Energy Resources Conservation and Development Commission (Commission), move to dismiss the complaint of plaintiff Interlink Products International, Inc., (Interlink) under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.  Additionally, Natural Resources Secretary Crowfoot (Secretary Crowfoot) moves to dismiss on Eleventh Amendment immunity grounds.  FRCP 12(b)(6).  In the alternative, defendants move to dismiss on the ground that this action was brought in the improper venue.  FRCP 12(b)(3).

Plaintiff Interlink sells shower heads, some of which violate California state regulations concerning the maximum flow rate of water.  ECF No. 1, Complaint, ¶¶ 19-20, 29-32, 35-36.  On February 26, 2020, the Commission sent a single cease and desist letter to Interlink in New Jersey, directing that Interlink stop selling or offering for sale non-compliant shower head models in California and remove all illegal products from the state.  ECF No. 1, Complaint, ¶ 34 and Exhibit A. Interlink's outside counsel and Commission staff had subsequent telephone and email communications about the letter.  ECF No. 1, Complaint, ¶¶ 50-51.

Based on these contacts, Interlink alleges this Court has specific personal jurisdiction over defendants.  ECF No. 1, Complaint, ¶¶ 17.  Courts addressing

similar regulatory conduct by out-of-state government officials have held that these types of contacts do not amount to sufficient minimum contacts to establish personal jurisdiction. *See, e.g., Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) (Arizona real estate commissioner not subject to jurisdiction in Texas for sending cease and desist letters to Texas real estate broker).

Defendants have not availed themselves of any benefit in New Jersey, and it would offend traditional notions of fair play and substantial justice to hale the California officials into court in New Jersey. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

As to Secretary Crowfoot, plaintiff cannot establish any independent enforcement authority that would avoid Eleventh Amendment immunity. A state official sued must have direct responsibility for enforcement of an allegedly unconstitutional rule. *Summit Med. Assocs., P.C. v. Pryor* (11th Cir. 1999) 180 F.3d 1326, 1341-1342. Secretary Crowfoot does not have enforcement authority on behalf of the Commission and should be dismissed.

Finally, venue is inappropriate in New Jersey. The events giving rise to the plaintiff's claim all occurred in California, and venue is proper only there, where the California state officials reside, witnesses are located, lab testing occurred, and where the local court can interpret California law. FRCP 12(b)(3).

## STATEMENT OF ISSUE

Whether the New Jersey District Court has specific personal jurisdiction over California government officials for sending a single cease and desist letter to a New Jersey corporation ordering it to stop selling illegal products in California?

## ALLEGATIONS OF THE COMPLAINT AND PROCEDURAL HISTORY

Plaintiff Interlink correctly alleges that the Commission has adopted regulations imposing maximum water flow rate restrictions on shower heads sold or offered for sale in California.  ECF No. 1, Complaint, ¶ 6.

Plaintiff sells various models of shower heads that do not meet the California regulatory requirements.  ECF No. 1, Complaint, ¶¶ 19-20, 29-32, 35-36.  California considers these to be non-compliant products.  Plaintiff alleges that its sales of such non-compliant products into California cannot be regulated by the Commission when such sales, according to Plaintiff, allegedly take place entirely outside of California.  ECF No. 1, Complaint, ¶ 7.  Plaintiff contends that an effort by the Commission to regulate Interlink's California sales violates the Due Process Clause and Commerce Clause of the United States Constitution.  ECF No. 1, Complaint, ¶ 8.

On February 26, 2020, the Commission wrote to Interlink in New Jersey, ordering that Interlink immediately stop selling non-compliant shower heads in California, remove all illegal products from the state, and provide sales data and a

list of retailers involved in the sale of illegal products to California.  ECF No. 1, Complaint, ¶ 34 and Exhibit A.  Interlink's outside counsel and Commission staff had subsequent telephone and email communications about the letter.  ECF No. 1, Complaint, ¶¶ 50-51.

On June 23, 2020, Interlink filed the complaint in this matter against Secretary Crowfoot, Drew Bohan (Executive Director of the Commission), Melissa Rae King (Assistant Executive Director of the Commission), and Dr. Lea Haro, the former Supervisor of the Commission's Office of Compliance Assistance and Enforcement.  After being informed that Dr. Haro is no longer with the Commission, plaintiff's counsel agreed to dismiss her from the case without prejudice.  She has not been served in this action.

## LEGAL STANDARD

A defendant may challenge the Court's exercise of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Once challenged, the plaintiff bears the burden to establish personal jurisdiction.  *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001).  The defendant must conduct activity in the forum state to establish jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).  This requires that the defendant must have meaningful "contacts, ties, or relations" with the forum state.  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945).

A federal district court typically exercises jurisdiction according to the law of the state where it sits.  FRCP 4(k)(1)(A).  New Jersey Court Rule 4:4-4(e) functions as the New Jersey long-arm statute and has been interpreted to reach to the fullest extent permitted by the U.S. Constitution, subject only to due process limits. *Charles Gendler & C. v. Telecom Equipment Corp.*, 102 N.J. 460, 469, 508 A.2d 1127 (1986); *Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F.Supp.2d 349, 352 (D.N.J. 1998).

The court in *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312 (3d Cir. 2007), established a three part framework for evaluating claims of specific personal jurisdiction, requiring consideration of whether: (1) the defendant "purposefully directed [its] activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) the exercise of jurisdiction "comports with fair play and substantial justice."  *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted).  The *O'Connor* court further cautioned, "As long as out-of-state residents refrain from *continuous and substantial* forum contacts, they can conduct their affairs 'confident that transactions in one context will not come back to haunt them unexpectedly in another.'"  *Id.* at 321, citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1271, 1277-78 (7th Cir. 1997), emphasis added.

The *O'Connor* court also recognized "the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *O'Connor*, 496 F.3d at 322, citing *Burger King*, 471 U.S. at 475-76. The court should consider whether a defendant has availed himself of the benefits and protection of the laws of the forum state. *O'Connor*, 496 F.3d at 322-23. "Specific jurisdiction is the cost of enjoying the benefits." *Id.* at 323. Here, defendants derive no benefits in New Jersey.

Plaintiff cannot show that defendants' action satisfies any of these traditional, basic requirements for establishing personal jurisdiction. Plaintiff's lawsuit must be dismissed.

## ARGUMENT

I.  **Sending a Single Cease and Desist Letter Does Not Establish Sufficient Minimum Contacts for Specific Personal Jurisdiction in New Jersey.**

Plaintiff Interlink cannot make a prima facie case of specific personal jurisdiction over the defendants in this Court based on the sending of a single cease and desist letter and follow-up communications. It has long been the rule that for jurisdiction to attach, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting *activities within the forum State*, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), emphasis added.

Here, the actions of defendants occurred entirely in California, to address

conduct occurring in or impacting California, in violation of California law.  The

cease and desist letter was written and sent from California.  Defendants conducted

no activities in New Jersey, and enjoyed no benefits or protections of law in New

Jersey.[1]

While mail and electronic communications sent by a defendant into the

forum may count toward minimum contacts, *Grand Entm't Group, Ltd. v. Star

Media Sales, Inc.* 988 F.2d 476, 482 (3d Cir. 1993), something more is required.

"[W]hat is necessary is a deliberate targeting of the forum."  *O'Connor*, 496 F.3d

at 317.  Indeed, such minimum contacts must be "continuous and substantial."  *Id.*

at 321.  And the Supreme Court in *Burger King* referred to "significant activities

within a State" or "continuing obligations" between defendant and the residents of

the forum.  *Burger King*, 471 U.S. at 476.  None of these minimum contacts are

---

[1]      Interlink in fact has availed itself of California's jurisdiction by certifying
into the Commission's data base three models of shower heads that do comply with
the California regulatory standard.  The certification was made in July of 2019 and
demonstrates that Interlink understands products sold in California must be
compliant with California law.  *See* California Energy Commission, Modernized
Appliance Efficiency Database (MAEDBS),
https://cacertappliances.energy.ca.gov/Pages/ApplianceSearch.aspx, Company
Tab, Search for Interlink Products International, results show for model numbers
820147069, HL2122, and HL8505.  *See* Exhibit A to the Certification of Stephen
Wellinghorst ("Wellinghorst Cert.").  Defendants request the Court take judicial
notice of this official record pursuant to Federal Rules of Evidence §§ 201 and
902(5).

present here, where there was a single letter sent, directing plaintiff to stop certain activities in California.  Defendants did not purposefully avail themselves of any benefits in New Jersey.[2]

Moreover, courts reviewing conduct by out-of-state officials have found that regulatory contacts are insufficient for personal jurisdiction.  In *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008), the Commissioner of the Arizona Department of Real Estate sent two cease and desist letters to a Texas real estate company selling timeshares in Arizona, contending that the Texas real estate agents were not licensed in Arizona.  *Id.* at 480.  Applying a nearly identical three step framework to that articulated by the Third Circuit Court of Appeal in *O'Connor*, the *Stroman* court noted that "the totality of the Commissioner's contacts with Texas involves a cease and desist order and correspondence with Stroman's attorneys.  Although [she] has 'reached out' to assert her authority over Stroman's Arizona-related business activities, she has not 'purposefully availed' herself of the benefits of Texas law like someone actually 'doing business' in

---

[2]    Numerous courts have held that sending one or two letters into the forum state is inadequate for minimum contacts.  *See, e.g., Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 333, 338-39 (D. Mass. 2013) (collecting cases); *Wise v. Lindamood*, 89 F. Supp. 2d 1187, 1191-92 (D. Colo. 1999) (same); *Douglas Furniture Co. of Calif., Inc. v. Wood Dimensions, Inc.*, 963 F. Supp. 899, 902 (C.D. Cal. 1997); *Med–Tec, Inc. v. Kostich*, 980 F. Supp. 1315, 1329–30 (N.D. Ia. 1997) (citing cases); *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1387 (Fed. Cir. 1998); *KVH Indus., Inc. v. Moore*, 789 F. Supp. 69, 72 (D.R.I. 1992); *Medeco Sec. Locks, Inc. v. Fichet–Bauche*, 568 F. Supp. 405, 408 (W.D. Va. 1983).

Texas." *Stroman Realty,* 513 F.3d at 484.  Based on such minimal contacts, the

Commissioner, a nonresident state official, "could not have reasonably anticipated

being haled into federal court in Texas to defend her enforcement of the Arizona

statute." *Id.*

The *Stroman* court also went on to consider the lack of benefits in Texas

enjoyed by the Arizona real estate Commissioner, noting that "Courts generally

exercise specific jurisdiction over nonresident defendants that are engaged in

commercial, profit-oriented enterprise." *Id.* at 485.  A court's reliance on a

defendant "having caused an 'effect' in [the forum state] was misplaced" because

the defendant derived no benefit from any activities relating to the forum.  *Id.*,

citing *Kulko v. Superior Court,* 436 U.S. 84, 98 (1978); *City of Va. Beach v.*

*Roanoke River Basin Ass'n,* 776 F.2d 484, 488 (4th Cir. 1985) (holding Governor

of North Carolina's participation in Virginia hearings was not an invocation of

benefits and protections of Virginia law sufficient to subject governor to service

under Virginia long-arm statute).  And if the State of Arizona derived any benefits

from any effects in Texas, the benefit did not run to the official in her individual

capacity.  "Stroman cannot have it both ways under the *Ex Parte Young* doctrine."

*Stroman,* 513 F.3d at 485.

Having found that the Commissioner's action did not satisfy the "minimum

contacts" requirement for asserting personal jurisdiction over her in Texas, the

*Stroman* court evaluated the other two requirements for personal jurisdiction, the relationship of the Commissioner's action with the forum and the reasonableness of subjecting the Commissioner to jurisdiction in Texas, and found these requirements lacking, as well.

On the relationship prong of analysis, the *Stroman* court noted that while there is no question that the cause of action arises out of the Commissioner's cease and desist order, "the Commissioner's connection to Texas is based on Stroman's conduct, whose 'effects' were targeted at Arizona and its citizens. It could be said that the Commissioner was forced to come to Texas." *Id*. at 487.

Finally, on the third prong of analysis, reasonableness of exercising jurisdiction, the *Stroman* court considered five factors, (1) the burden on the nonresident defendant to litigate in that forum, (2) the forum state's interests in the matter, (3) the plaintiff's interest in securing relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the several states' shared interest in furthering substantive social policies. *Id*., citing *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113 (1987). In circumstances very similar to the case at hand, the *Stroman* court weighed these factors and found they did not support the assertion of personal jurisdiction.

The *Stroman* court explained "Allowing the Southern District of Texas to assert jurisdiction over the Commissioner creates the possibility that the

Commissioner will have to defend her attempt to enforce Arizona laws in courts throughout the nation.  When a state defends its laws in a faraway forum, it loses the benefit of having the laws examined by local state or federal courts—courts that have special expertise interpreting its laws." *Stroman*, 513 F.3d at 487.  This could lead to a multiplicity of inconsistent verdicts on a significant constitutional issue.  *Id.* at 488.  "If the cause of action is litigated in Arizona federal court, judicial efficiency and uniformity prevail." *Id.*

The *Stroman* court concluded "it would be unreasonable to subject the Commissioner to suit in the Southern District of Texas" and doing so would violate due process.  *Id.* at 488 and 489.

Other courts considering personal jurisdiction over out-of-state government officials have similarly found inadequate minimum contacts to establish jurisdiction.  In *Trump v. Committee on Ways and Means, United States House of Representatives,* 415 F. Supp. 3d 98 (D.D.C. 2019), the court refused to exercise jurisdiction over New York state officials "in the District of Columbia to litigate the constitutionality of a New York state tax statute." *Id.* at 111, citing *Marshall v. Labor & Indus., Wash.*, 89 F. Supp. 2d 4, 10 (D.D.C. 2000) ("Principles of comity dictate that [determining whether a Washington State agency properly administered Washington State's workers' compensation law] should be decided

by a Washington court, not the United States District Court for the District of
Columbia.")

In *United States v. Ferrara*, 54 F.3d 825 (D.C. Cir. 1995), the court
concluded the chief counsel of the disciplinary board of the New Mexico Supreme
Court could not be sued in the District of Columbia for disciplinary action she took
against an attorney licensed by the board, even though the attorney's alleged
misconduct had occurred in the District, because the chief counsel was enforcing
New Mexico's ethical standards.  *Id.* at 830.

In *Shotton v. Pitkin*, 2015 WL 5091984 (W.D. Ok. 2015), plaintiff sought to
establish specific personal jurisdiction in Oklahoma over officials of the
Department of Banking of the State of Connecticut.[3]  The Department had sent a
letter and temporary cease and desist order to tribes in Oklahoma regarding illegal
usurious loans in Connecticut.  The court found personal jurisdiction lacking.  *Id.*
at *1.  The court considered "both the quantity and quality of [the] contacts" and
found the totality of the initial allegation letter and subsequent cease and desist
order inadequate.  *Id.* at *2.  "[D]efendants' actions were plainly not aimed at the
State of Oklahoma.  Rather, they were directed to plaintiff's (and the companies')
actions in the State of Connecticut and their alleged violations of Connecticut law.
That the alleged violators lived in, or were based in, Oklahoma was incidental.  The

---

[3]      Wellinghorst Cert., Exhibit B.

'focal point' of defendants' efforts was Connecticut, not Oklahoma." *Id.*, citation omitted.

Similarly, here, the focus of defendants' actions was on conduct occurring in California, not New Jersey, and violations of California law.  And the "quantity and quality" of the contacts in New Jersey are insufficient to demonstrate minimum contacts for jurisdiction in a foreign state.

Plaintiff Interlink has failed to meet its burden to establish sufficient minimum contacts of defendants in New Jersey.  Sending a single cease and desist letter governing conduct in California is inadequate for jurisdiction in this Court. Accordingly, the motion to dismiss for lack of personal jurisdiction over any of the defendants should be granted.

## II.     Plaintiff Cannot Establish that Secretary Crowfoot Has Any Enforcement Authority that Would Prevent Eleventh Amendment Immunity from Applying in This Case.

Secretary Crowfoot has Eleventh Amendment immunity from suit in federal court, and is not a proper party to this action.  Plaintiff cannot demonstrate that Secretary Crowfoot has any independent enforcement authority on behalf of the Commission, and the *Ex parte Young* doctrine is inapplicable as to Secretary Crowfoot as a defendant in this matter.  He should be dismissed for lack of personal jurisdiction and for failure to state a claim.  FRCP 12(b)(2) and (6).

States typically enjoy immunity from suits by citizens of a foreign state. U.S. Const. amend. XI.  Moreover, the Eleventh Amendment prohibits suits against state officials where the state is, in fact, the real party in interest.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).  Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), however, there is a long and well-recognized exception to this rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law.  *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997).

In order for the exception to apply, a state official must have direct responsibility for enforcement of an allegedly unconstitutional rule.  *Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326, 1341-1342 (11th Cir. 1999) (*Ex parte Young* cannot operate as an exception where defendant has no connection to the enforcement of the challenged law at issue).  Otherwise, suing the state official would be an indirect way of suing the state, and the action would be subject to Eleventh Amendment immunity.  *Ex Parte Young*, 209 U.S. at 157 (exception requires "some connection with the enforcement of the act.")

> Under *Ex Parte Young*, a litigant must bring his case "against the state official or agency responsible for enforcing the allegedly unconstitutional scheme."  *ACLU v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993).  As we have previously explained, "a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with enforcement of the provision at issue."  *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998).  "Unless the state officer has some responsibility to enforce the

statute or provision at issue, the 'fiction' of *Ex parte Young* cannot operate." *Summit Medical Assocs.*, 180 F.3d at 1341. Where the named defendant lacks any responsibility to enforce the statute at issue, "the state is, in fact, the real party in interest," and the suit remains prohibited by the Eleventh Amendment. *Id.*

*Osterback v. Scott*, 782 F. App'x 856, 858–59 (11th Cir. 2019) (Governor of Florida not sufficiently connected to be a proper defendant under *Ex parte Young* where director of the Division of Administrative Hearings had enforcement authority); *see also Snoeck v. Brussa*, 153 F.3d 984, 987 (9th Cir. 1998) (Eleventh Amendment barred a claim against the Nevada Commission on Judicial Discipline, which has no enforcement power); *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (requiring a particular duty to enforce the statute in question); *Support Working Animals, Inc. v. DeSantis,* 2020 WL 1991479, at *7 (N.D. Fla. 2020) (Florida Governor and Secretary of State not proper defendants).[4] Wellinghorst Cert., Exhibit C.

Secretary Crowfoot is the head of the California Natural Resources Agency, an umbrella agency that contains the Commission, among other state departments, boards, and commissions. Secretary Crowfoot does not have enforcement authority on behalf of the Commission and should be dismissed from this action.

---

[4] Moreover, the plaintiff "must allege that the state actor defendants are capable of granting the requested injunctive and declaratory relief." *Jones v. City of Birmingham*, 2019 WL 6618292, at *4 (N.D. Ala. 2019). Wellinghorst Cert., Exhibit D.

The California Government Code establishes eight "agencies" with "secretaries" who are responsible for the "sound fiscal management of each department, office, or other unit within the agency," including review and approval of budgets and holding department heads responsible for "administrative, fiscal, and program performance."  Cal. Gov't Code § 12800.  The Secretary is appointed by and serves at the pleasure of the Governor.  Cal. Gov't Code § 12801.  Notably lacking in these statutes is any authority for the Secretary to enforce the laws and regulations of the various departments, offices, and units within the agency.

The California Natural Resources Agency consists of various departments, including the Commission.  Cal. Gov't Code § 12805.  The Commission consists of five members appointed by the Governor.  Cal. Pub. Res. Code § 25200.  The Secretary of the Natural Resources Agency is an ex officio, nonvoting member of the Commission.  Cal. Pub. Res. Code § 25202.

The Commission is mandated to prevent wasteful consumption of energy, including energy associated with the use of water, and has authority to regulate to promote water efficient appliances.  Cal. Pub. Res. Code § 25402(c)(1).  Development of such regulations is statutorily imposed on the Commission.  Cal. Pub. Res. Code § 25402.1.  And it is the Commission that has statutory authority for administrative enforcement of its regulations.  Cal. Pub. Res. Code § 25402.11; Cal. Code Regs., tit. 20, §§ 1608-1609.

There exists no separate statutory authority for the Secretary to independently enforce the Commission's regulatory scheme. Only the Commission may do so. As plaintiff Interlink cannot establish a remedy that would run against Secretary Crowfoot, he should be dismissed from this action, for lack of personal jurisdiction and failure to state a claim. FRCP 12(b)(2) and (6).

### III.    In the Alternative, Venue Is Not Proper in New Jersey.

In the alternative, defendants move to dismiss based on improper venue in New Jersey. FRCP 12(b)(3); 28 U.S.C. 1391(b)(2). Here, the events giving rise to the claim occurred in California, not in New Jersey. All of the conduct of the California officials occurred in California, in an effort to enforce California law, and keep plaintiff Interlink's illegal products out of California. There was no "substantial part of the events … giving rise to the claim" in New Jersey.

According to the Third Circuit, "[t]he test for determining venue [under § 1391(b)(2)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottmann Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). "In assessing whether events or omissions giving rise to [a] claim[ ] are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295. Thus, "the venue provision 'favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial." *Bockman v. First American*

*Marketing Corp.*, 459 Fed. App'x 157, 161 (3d Cir. 2012) (quoting *Cottmann*, 36 F.3d at 294–95).  Events or omissions that have only "some tangential connection" with the dispute are not sufficient to support venue under § 1391(b)(2).  *Id.* at 294.  "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  *Id.*; *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (noting that the purpose of the venue provision is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial"); *C.O. Truxton, Inc. v. Blue Caribe, Inc.* 2014 WL 6883145, at *5 (D.N.J. Dec. 5, 2014).  Wellinghorst Cert., Exhibit E.

In *Leroy*, plaintiff challenged the constitutionality of an Idaho statute in Texas.  The Supreme Court held venue in Texas was improper.  The actions were taken in Idaho, the bulk of the witnesses were in Idaho, and "the nature of this action challenging the constitutionality of a state statute makes venue in the District of Idaho appropriate. The merits of Great Western's claims may well depend on a proper interpretation of the State's statute, and federal judges sitting in Idaho are better qualified to construe Idaho law, and to assess the character of

Idaho's probable enforcement of that law, than are judges sitting elsewhere."
*Leroy*, 443 U.S. at 185-86.[5]

Applying *Cottman* to claims against government officials, the court in
*Stanton-Negley Drug Co. v. Penn. Dept. of Pub. Welfare*, 2008 WL 1881894
(W.D. Pa. 2008), held that the appropriate venue for suit against a state official is
the state capitol.[6] *Id.* at *4. "[W]hen a complaint is directed at statewide policies
and actions of state officials, proper venue is the district in which those policies
and actions took place, not the Plaintiff's residence where she felt the effect of
those policies." *Id.* at *5, citing *Perkins v. Snider*, 1994 U.S. Dist. LEXIS 13709
(E.D. Pa. 1994)[7] and *United Dairy Farmers Coop. A. v. Milk C. Com. of Comm. of
Pa.*, 47 F.R.D. 1 (W.D. Pa. 1969).

As noted previously, "When a state defends its laws in a faraway forum, it
loses the benefit of having the laws examined by local state or federal courts—
courts that have special expertise interpreting its laws." *Stroman Realty, Inc. v.
Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).  This could lead to a multiplicity of
inconsistent verdicts on a significant constitutional issue.  *Id.* at 488.

---

[5]     The *Cottman* court noted that although *Leroy* was decided before a 1990
amendment to the venue statute, "it is interesting that in discussing venue, the
Court weighed the 'actions' taken in the District of Idaho before declaring the
Northern District of Texas as an inappropriate situs for the litigation." *Cottman*, 36
F.3d at 294.
[6]     Wellinghorst Cert., Exhibit F.
[7]     Wellinghorst Cert., Exhibit G.

Accordingly, venue for claims involving conduct by government officials in California is inappropriate in New Jersey, and this case should be dismissed. FRCP 12(b)(3); 28 U.S.C. 1391(b)(2).  In the alternative, the matter should be transferred to the Eastern District of California, in Sacramento, where the defendants reside in their official capacities.  28 U.S.C. 1404(a), 1406(a).

**CONCLUSION**

For all the foregoing reasons, defendants respectfully request that their motion to dismiss for lack of personal jurisdiction be granted, that defendant Secretary Crowfoot be dismissed on Eleventh Amendment immunity grounds, and that this matter be dismissed as brought in the improper venue.

Respectfully submitted,

**HARWOOD LLOYD, LLC**
Attorneys for Defendants, Wade Crowfoot, Drew Bohan, and Melissa Rae King

By: _/s/  Stephen Wellinghorst_
    STEPHEN WELLINGHORST, ESQ.

Dated:  July 27, 2020