Stephen Wellinghorst, Esq – State Bar No. 030261989
**HARWOOD LLOYD, LLC**
130 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 487-1080
Fax: (201) 487-4758
E-mail: swellinghorst@harwoodlloyd.com
Attorneys for Defendants, Wade Crowfoot,
Drew Bohan, and Melissa Rae King

**DOCUMENT ELECTRONICALLY FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> WADE CROWFOOT, DREW BOHAN, MELISSA RAE KING and LEA HARO, <br><br> Defendants. | CASE NO. 2:20-cv-7654-ES-MAH <br><br> CIVIL ACTION <br><br><br> **STIPULATION AND CONSENT ORDER PRESERVING DEFENDANTS' JURISDICTIONAL ARGUMENTS** |

Plaintiff Interlink Products International, Inc. ("Plaintiff") and defendants Wade Crowfoot, Drew Bohan, and Melissa Rae King (collectively, "Defendants"), through their undersigned counsel, hereby enter into this Stipulation and Consent Order.

WHEREAS, Plaintiff commenced this action on June 23, 2020 [ECF No. 1];

WHEREAS, on July 27, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), failure to state a claim as to Wade Crowfoot pursuant to Federal Rule of Civil Procedure 12(b)(6); and, in the alternative, improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Motion to Dismiss") [ECF No. 8];

WHEREAS, Plaintiff exercised its automatic extension to adjourn Defendants' Motion to Dismiss from September 8, 2020 to September 21, 2020 [ECF No., 11];

WHEREAS, Plaintiff commenced a second action on August 14, 2020 bearing case number 2:20-cv-10566 ("Second Action") [ECF No. 1];

WHEREAS, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction in the Second Action on August 19, 2020 ("Motion") [ECF No. 4];

WHEREAS, on August 21, 2020, the Court issued a Memorandum and Order in the Second Action denying temporary restraints, but ordering Defendants to submit papers in opposition to Plaintiff's Motion on or before September 4, 2020 and scheduling a preliminary injunction hearing on September 16, 2020 [ECF No. 8];

WHEREAS, on August 28, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint in the Second Action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), failure to state a claim as to Xavier Becerra pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim for monetary damages pursuant to Federal Rule of Civil Procedure 12(b)(6), and, in the alternative, improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Second Motion to Dismiss") [ECF No. 12];

WHEREAS, Defendants' Second Motion to Dismiss is currently returnable on September 21, 2020 along with the Motion to Dismiss filed in this action;

WHEREAS, Defendants have expressed concerns that filing opposition to Plaintiff's Motion on the merits on or before September 4, 2020, and participating in the preliminary injunction hearing on September 16, 2020, before the Motion to Dismiss and Second Motion to Dismiss can be decided could be construed as a waiver of the jurisdictional arguments set forth in both of Defendants' motions;

WHEREAS, the parties have agreed to consolidation of the two pending cases for all purposes, and that the operative pleading in the consolidated action will be the Verified Complaint filed in the Second Action;

WHEREAS, Plaintiff and Defendants met and conferred on September 1, 2020, to address the issues set forth above;

## NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED

by and between Plaintiff and Defendants, which agreement, when entered by the Court, shall constitute an order of the Court, as follows:

1. The matter of *Interlink v. Becerra et al.*, Case No. 2:20-cv-10566 is hereby consolidated into this action for all purposes, with all previous orders and schedules issued in each matter remaining in full force and effect as if they had been issued in the consolidated action.

2. The Verified Complaint filed in Case No. 2:20-cv-10566 shall function as the operative pleading in this consolidated case, and all claims and allegations in the original Complaint in this action shall be deemed superseded by the claims and allegations in the Verified Complaint.

3. Plaintiff's claims against Defendants Wade Crowfoot and Lea Haro are hereby dismissed without prejudice.

4. Defendants' original motion to dismiss filed in Case No. 2:20-cv-7654 is administratively terminated, without prejudice, as moot in light of Plaintiff's new complaint and associated motion to dismiss.

5. Defendants' submission of papers in opposition to Plaintiff's Motion on or before September 4, 2020, and participation in the preliminary injunction hearing scheduled by the Court on September 16, 2020, will not be construed as a

waiver by Defendants of any jurisdictional arguments set forth in Defendants' Motion to Dismiss, in this case or in case no. 2:20-cv-10566.

6. Plaintiff and Defendants do not object to the Court addressing the arguments set forth in Defendant's Motion to Dismiss, including the jurisdictional arguments, during the preliminary injunction hearing scheduled for September 16, 2020. Plaintiff will respond to the Motion to Dismiss on September 8, 2020.

**SO ORDERED** this 8th day of September, 2020

/s/ Kevin McNulty, USDJ

The Honorable ~~Esther Salas~~
United States District Judge

STIPULATED AND AGREED TO FORM AND ENTRY BY:

**THE LAW OFFICE OF
JASON LATTIMORE, ESQ., LLC**

By: <u>*s/ Jason Lattimore, Esq.*</u>
    Jason Lattimore, Esq.
    Attorneys for Plaintiff

**HARWOOD LLOYD, LLC**

By: <u>*/s/ Stephen Wellinghorst, Esq.*</u>
    Stephen Wellinghorst, Esq.
    Attorneys for Defendants, Wade
    Crowfoot, Drew Bohan, and
    Melissa Rae King